**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS P. ATHRIDGE *et al.*,<br>        Plaintiffs,<br><br>        v.<br><br>JORGE IGLESIAS *et al.*,<br>        Defendants. | Civil Action No. 89-1222 (JMF) |
| THOMAS P. ATHRIDGE *et al.*,<br>        Plaintiffs,<br><br>        v.<br><br>HILDA RIVAS,<br>        Defendant. | Civil Action No. 92-1868 (JMF) |

**MEMORANDUM OPINION**

These consolidated cases were referred to me, upon consent of the parties, for all purposes including trial.  Currently before me are Plaintiffs' Motion for an Order Directing Defendants to Convey Their Choses in Action to Plaintiffs [#241] ("Pls. Mot."); Defendants' Opposition to Plaintiffs' Motion for an Order Directing Defendants to Convey Their Choses in Action to Plaintiffs and Motion to Stay Execution on the Judgment [#242] ("Defs. Mot. to Stay"); Motion of Defendants Francisco and Hilda Rivas to Quash First Amended Notice of Deposition [#255] ("Defs. Mot. to Quash"); and Motion of Defendants Francisco and Hilda Rivas to Post Real Estate Holding as Security Pending Appeal [#256] ("Defs. Mot. to Post"). For the reasons stated herein, plaintiffs' motion will be denied and all of defendants' motions will be granted.

I.      BACKGROUND

These complicated cases arise out of a car accident that occurred in July 1987.  At that

time, Jorge Iglesias ("Iglesias") drove a car belonging to his aunt and uncle ("the Rivases") who

were out of town at the time, and he collided with a young man named Thomas Athridge.

Thomas Athridge and his parents ("plaintiffs" or "the Athridges") filed several lawsuits, naming

as defendants Iglesias, the Rivases, the restaurant owned by the Rivases, and two insurance

companies.

In July 1995, Judge Thomas Penfield Jackson granted summary judgment in favor of all

defendants except Iglesias.  Following a transfer and a bench trial in 1996, Judge Harold Greene

issued an opinion finding that Iglesias was negligent, that his negligence proximately caused the

injuries Thomas Athridge suffered, and that Iglesias had the last clear chance to avoid the

accident but failed to take it.  Judge Greene awarded $5,510,010.78 to the Athridges, and the

judgment was summarily affirmed on appeal. Athridge v. Iglesias, 950 F. Supp. 1187 (D.D.C.

1996), aff'd without opinion, 1997 WL 404854 (D.C. Cir. June 30, 1997).  After entry of the

judgment against him, Iglesias declared bankruptcy.  Aetna Insurance Company ("Aetna"),

Iglesias's insurer, denied coverage, resulting in additional and as yet unsettled litigation such

that plaintiffs' judgment against Iglesias remains unsatisfied.

In the meantime, Thomas Athridge appealed Judge Jackson's grant of summary

judgment as to all defendants except Iglesias.  The court of appeals affirmed the award of

summary judgment as to all defendants except for the Rivases and their restaurant.  In December

1999, the cases brought by the Athridges against the Rivases were referred to me for all

purposes including trial.  A trial was held in January 2005, and the following two issues were

presented to the jury: (1) whether the defendants established by a preponderance of the evidence

that they did not consent to Iglesias' use of their car; and (2) whether the plaintiffs established

by a preponderance of the evidence that the defendants were negligent in permitting Iglesias

access to the keys to their car and, if so, whether their negligence proximately caused the

accident.  On January 12, 2005, the jury returned a verdict in favor of plaintiffs and against the

Rivases on both counts.  Final judgment was entered on August 15, 2005, awarding plaintiffs

$5,510,010.78 plus costs.

On August 24, 2005, defendants filed a renewed motion for judgment as a matter of law

under Rule 50 and, in the alternative, for a new trial under Rule 59, which this Court denied on

March 23, 2006.  On April 4, 2006, defendants appealed that denial and moved for a stay of

execution of the $5,510,010.78 judgment pending resolution of their appeal by posting a

supersedeas bond in the amount of $100,000, the asserted limit of the Rivases' policy with

GEICO Insurance Company ("GEICO").  On April 7, 2006, this Court denied the stay of

execution of judgment pending appeal absent a specific showing of why a reduced supersedeas

bond would be appropriate and why plaintiffs' interests would not be endangered.  The present

flurry of motions then followed.

## II.     DISCUSSION

### A.     Plaintiffs' Motion for an Order to Transfer Choses

Plaintiffs move to direct defendants to convey any and all choses in actions that

defendants may have against any person pertaining to their liability to plaintiffs.  In support of

its motion, plaintiffs rely on the absence, at that point in time, of any further action by

defendants to stay execution of the judgment, and on the earlier decision by Judge Greene to

order Jorge Iglesias to transfer to plaintiffs any chose in action assets that he had against other

persons pertaining to his liability for the accident at issue.  Memorandum of Points and

Authorities in Support of Plaintiffs' Motion for an Order Directing Defendants to Convey Their

Choses in Action to Plaintiffs ("Pls. Mem.") at 2.

In response, the Rivases indicated a conflict had arisen between defendants and GEICO,

defendants' liability insurance carrier, concerning the posting of the supersedeas bond.  As a

result, defendants' counsel, retained and paid by GEICO, was forced to withdraw.  Defs. Mot. to

Stay at 2.  The conflict apparently stemmed at least in part from this Court's Order of April 7,

2006, stating that GEICO should be obliged to help the insured arrange for a bond or other

surety for an excess judgment.  Id.  Defendants request 30 days to arrange the appropriate bond.

Id.

Plaintiffs' reliance on Judge Greene's opinion is misplaced.  In that opinion, Judge

Greene ordered Iglesias's assets subject to the court's earlier "freeze" order transferred to the

plaintiffs.  Athridge v. Iglesias, 950 F. Supp. 1187, 1194 (D.D.C. 1996).  Since that opinion,

defendants filed an appeal in this case on April 4, 2006.  That appeal raises a threshold question

of jurisdiction not at issue in Judge Greene's opinion.  The filing of an appeal "'divests the

district court of control over those aspects of the case involved in the appeal.'" United States v.

DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (quoting Griggs v. Provident Consumer Disc.

Co., 459 U.S. 56, 58 (1982)).  Though a trial court does not lose all power to act whenever an

appeal is filed, the proper scope of action of the trial court is merely ministerial to aid in the

appeal. FED. R. CIV. P. 60; see also Stewart v. Donges, 915 F.2d 572, 575 n.3 (10th Cir. 1990).

Jurisdictional authority of district courts and courts of appeals remain mutually exclusive

regarding issues raised in the appeal to avoid confusion and the waste of time and judicial

resources by having the same matter considered in more than one forum at the same time.  See

DeFries, 129 F.3d at 1303

Plaintiffs ask this Court for an order to transfer defendants' choses pending appeal,

which essentially begins the execution of judgment.  However, if defendants are successful on

appeal, the transfer of choses would have been premature and require additional steps to undo

what had been done.  The transfer of choses involves the very subject of the judgment on

appeal, over which this Court has no jurisdiction.  To act otherwise is contrary to the very

concept of judicial efficiency contemplated by the federal rules and the D.C. Circuit in DeFries.

Therefore, plaintiffs' motion is denied.

B.       Defendants' Motions to Stay Execution and Post Real Estate Holdings

In their opposition to plaintiffs' motion, defendants move for a stay of execution of the

judgment for 30 days due to conflict between defendants and GEICO.  See Defs. Mot. to Stay at

1-2.  Plaintiffs oppose any stay without the posting of a supersedeas bond in the full amount of

the judgment plus post-judgment interest for the expected length of the appeal.  Plaintiffs'

Memorandum of Points and Authorities in Opposition to Defendants' Motion to Stay Execution

on the Judgment ("Pls. Opp. to Stay") at 1.  Defendants replied with details of ongoing efforts to

post security for the full amount of the judgment, plus post-judgment interest and costs, using

real estate holdings in the District of Columbia.  Defendants' Reply to Plaintiffs' Opposition to

Motion to Stay Execution on the Judgment ("Defs. Reply") at 1.  Furthermore, defendants

indicate pursuit of a claim against GEICO for the premium to post a supersedeas bond.  Id. at 4.

Plaintiffs acknowledge GEICO's obligation to pay the premium on a full supersedeas bond, and

even continues with strong argument as to why GEICO is legally obligated to "stand behind the judgment." Plaintiffs' Surreply in Opposition to Defendants' Motion to Stay Execution on the Judgment ("Pls. Sur.") at 3.

As this Court has previously stated, GEICO should work with defendants to post the necessary bond pending appeal. But, on the pleadings currently before this Court, the Court cannot force GEICO's hand in fulfilling its obligations. Defendants show diligent efforts in securing adequate bond in their motion and reply for a stay of execution, efforts further illustrated in defendants' motion to post real estate holdings as security for the judgment pending appeal. Defs. Mot. to Post at 1. If the Court accepts the posting of the real estate holdings as the supersedeas bond, then a stay on execution of the judgment should be granted pending appeal. FED. R. CIV. P. 62.

Under Rule 62(d) of the Federal Rules of Civil Procedure, an appellant can obtain an automatic stay of execution of judgment pending the resolution of its appeal by posting a supersedeas bond with the district court. FED. R. CIV. P. 62(d). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980). "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances . . . ." Id. "In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery." Id. at 760-61. Before a court will depart from the usual requirement of a bond for the full amount of the judgment, the moving party must "objectively demonstrate the

reasons for such a departure."  Grand Union Co. v. Food Employers Labor Relations Ass'n, 637

F. Supp. 356, 357 (D.D.C. 1986).  This Court previously denied defendants' request to stay the

execution of the judgment pending appeal by posting $100,000 because the defendants failed to

meet their burden to objectively demonstrate reasons for departure from the usual requirement

to post the full amount.  Athridge v. Rivas, 236 F.R.D. 6, 7-8 (D.D.C. 2006).

Now, defendants wish to post real estate holdings in lieu of the full supersedeas bond.

Defs. Mot. to Post at 2.  Defendants assert the net value of their real estate holdings, based on

appraisal reports and known encumbrances, total in excess of $7.1 million.  Id.  Furthermore,

plaintiffs have recorded their judgment in District of Columbia land records such that a lien now

exists on each of these titles, assuring the property cannot be sold and any proceeds of a sale

must first pay off the judgment in this matter.  Id.

In addition to accepting less than a full supersedeas bond to secure a judgment pending

appeal, courts have discretion to approve other forms of security than a supersedeas bond.

Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.

1979).  Though the D.C. Circuit has yet to address the posting of real estate holdings as

adequate security without a full supersedeas bond, this circuit has adopted the reasoning of

Poplar Grove in issues related to supersedeas bonds.  Fed. Prescription Serv., Inc. v. Am.

Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980).  "If a judgment debtor objectively

demonstrates a present financial ability to facilely respond to a money judgment and presents to

the court a financially secure plan for maintaining that same degree of solvency during the

period of an appeal, the court may then exercise a discretion to substitute some form of guaranty

of judgment responsibility for the supersedeas bond."  Poplar Grove, 600 F.2d at 1191.

Defendants have presented over $7 million in real estate holdings to guarantee the

judgment in requesting a stay pending appeal.  Plaintiffs protest the security is inadequate, in

part due to the slowing real estate market in the District of Columbia.  Plaintiffs' Supplemental

Memorandum of Points and Authorities in Opposition to Defendants' Motion to Post Real

Estate Holdings as Security Pending Appeal ("Pls. Supp.") at 2.  According to plaintiffs, the

"median asking price for single family and condo homes in the Washington, D.C. area have (sic)

declined 6.3% over the last five months."  Id.  Plaintiffs also argue the decline applies to

commercial properties, which are included in defendants' real estate holdings.  Id. at 3.

Plaintiffs offer no support for the contention that commercial real estate values are

declining at a rate akin to residential real estate values. All of the exhibits provided by plaintiffs

speak specifically to the residential market.  And even then, the impact of the real estate decline

is unknown, where "[m]ost analysts don't foresee a free-falling housing market. The region's

job growth and solid economy won't allow it." Pls. Supp. Ex. 4 at 2.  The basis for even slight

optimism for residential real estate offers direct contradiction to plaintiffs' assertion that falling

home values apply equally to commercial properties.

Even assuming a significant decline in residential value, which would apply to less than

half of the real estate security provided by defendants, the value of defendants' real estate

holdings exceeds the amount of judgment awarded.  In a continued effort to expedite litigation

in this case, this Court will exercise its discretion and accept the real estate holdings as security

pending appeal.  In addition, the Court will grant plaintiffs' request and order defendants to

execute and record non-alienation commitments for the properties with the D.C. Recorder of

Deeds and further order defendants to take any additional steps necessary to maintain the value

of their holdings.

      C.      <u>Defendants Motion to Quash First Amended Notice of Deposition</u>

Defendants move to quash the first amended notice of deposition of Hilda Rivas where plaintiffs purport to examine Mrs. Rivas's assets for purposes of collection of the judgment. The acceptance of the real estate holdings as security in this case and consequent grant of a stay of execution on the judgment pending appeal leaves the question of the value of any additional assets of the defendants wholly irrelevant.  Therefore, defendants' motion to quash is granted.

## III.    CONCLUSION

For the foregoing reasons, plaintiffs' motion for an order directing defendants to convey their choses in action is denied, and defendants' motions to stay execution on the judgment, post real estate holdings as security pending appeal, and quash are all granted.  An Order accompanies this memorandum opinion.

 

                                _____

                                JOHN M. FACCIOLA
                                UNITED STATES MAGISTRATE JUDGE

Dated: